[No. 536.   August 23, 1893.]

# NEW MEXICO & SOUTHERN PACIFIC RAILROAD COMPANY, Plaintiff in Error, v. JAMES H. MADDEN, Defendant in Error.

Judgment Entry—Joint Defendants.—Where an action in tort against two railroad companies, in which both defendants pleaded, is prosecuted to judgment, without severance or dismissal as to either, though the entry of the first judgment is against the "defendant" in cause number 2691, indorsed "James H. Madden v. New Mexico & Southern Pacific Railroad Co. et al.," and afterward another judgment against the "defendants," and the entry indorsed "James H. Madden v. New Mexico & Southern Pacific Railroad Co., and the A., T. & S. F. R. R. Co., No. 2691," the judgment is against both. When the singular number appears it may be construed as plural, and vice versa.   Comp. Laws, 1884, sec. 1851.

Id.—Error, Writ of, by One of Two Defendants—Motion to Quash.— Where in such action, judgment is rendered against both defendants jointly, either may bring error to review the judgment without joining the other codefendant, and a motion to quash the writ, on the ground that the suit was against both while the cause was submitted and judgment really rendered only against one of the defendants, the writ will be overruled.

Error, from a judgment for plaintiff, to the Second Judicial District Court, Bernalillo County. Motion of defendant in error to quash writ overruled, and cause remanded, with instructions to the court below to set aside the judgment as to the New Mexico & Southern Pacific Railroad Company.

The facts are stated in the opinion of the court.

W. B. Childers and H. L. Waldo for plaintiff in error.

The plaintiff was a naked trespasser, and, under the circumstances of this case, should not have been

allowed to recover. A., T. &. S. F. R. R. Co. v. Candelaria, 6 N. M. 266, and cases cited.

There was a failure of proof to make out the case described in the declaration. Waldier v. Railroad Co., 71 Mo. 514; 2 Am. and Eng. R. R. Cases, 148, 160; Batterton v. Railroad, 49 Mich. 184; 8 Am. and Eng. R. R. Cases, 123; Schindler v. Railroad, 42 Id. 205; 64 Mich. 279; Central R'y Co. v. Hubbard, 12 S. E. Rep. (Ga.) 1020; Wabash R'y Co. v. Friedman, 30 N. E. Rep. 353.

The defendants were injured by the instruction set out in the third assignment of error. Beaver v. Taylor, 1 Wall. 657; Clark v. Dulcher, 9 Cow. 674; Wordell v. Hughes, 3 Wend. 418.

The case must be reversed as to the New Mexico & Southern Pacific Railroad Company as there is an entire absence of evidence in any way connecting it with the accident, and the judgment being a joint judgment against it and the Atchison, Topeka & Santa Fe Railroad Company, it must be reversed as to both. 1 Black on Judgments, sec. 211.

Warren, Fergusson & Bruner and Collier & Marron for defendant in error.

The judgment should be corrected only so far as plaintiff in error is adversely affected. Ricketson v. Richardson, 26 Cal. 149; Hopkins v. Orr, 124 U. S.

This is especially true in actions ex delicto. Black on Judgments, sec. 208; Hayden v. Woods, 20 N. W. Rep. 345; Cauthorn v. Cauthorn, 8 Ore. 138.

Though a judgment is joint in form it may be several in fact and law. Hanrick v. Patrick, 119 U. S. 156.

Such a judgment may be reversed in part and affirmed in part. Todd v. Daniels, 16 Pet. 521; Cox v. United States, 6 Id. 172.

An appeal brings up for review only that which was decided adversely to appellant. Louden v. Shelby County, 104 U. S. 771; Coggeshall v. United States, 2 Wall. 283.

Fall, J.—This is upon error from Bernalillo county, and the cause is submitted upon motion of defendant in error to quash the writ, and also upon the merits. The motion to quash is based upon the ground that the suit was against both plaintiff in error and the Atchison, Topeka & Santa Fe Railroad, while the cause was submitted and judgment really rendered only against the latter, or the Atchison, Topeka & Santa Fe Railroad Company. It is also contended that, if the judgment was against both, then, without notice of severance, both should have sued out writ. The record is confused. The action was against both parties mentioned, and each pleaded. The cause was numbered 2691, and upon the record is at times indorsed, "James H. Madden v. New Mexico & Southern Pacific R. R. Co;" at other times, "N. M. & S. P. R. R. Co. et al.;" again, "Madden v. A., T. & S. F. R. R. Co," etc. No severance was had and no dismissal entered. The jury "find for plaintiff," and the first judgment is against the "defendant," in the cause number 2691, indorsed James H. Madden v. New Mexico & Southern Pacific Railroad Co. et al," and afterward appears another against the "defendants," the entry being indorsed "James H. Madden v. New Mexico & Southern Pacific Railroad Co., and the A., T. & S. F. R. R. Co., No. 2691." Motions are made, and instructions asked, sometimes in the name of the defendant, and again of defendants. From a careful examination of the record, it would appear that the cause proceeded against both defendants to judgment. When singular appears, it

*Margin note: Judgment entry; joint defendants.*

can be construed as plural, and vice versa. Section 1851, Comp. Laws, N. M.

This being an action of tort, judgment might be rendered against both or either party, and either party, WRIT of error by upon proper proceeding, is entitled to one of two de-fendants: motion review, while the other may pursue the to quash. course dictated by his own judgment. The judgment being against the plaintiff in error, writ properly sued out, and no notice of severance necessary, motion to quash writ is overruled. 1 Black, Judg., sec. 207, and cases cited.

Plaintiff in error assigns several causes of error relying upon the refusal of the court to instruct the jury to return a verdict for the defendant below, and shows here that there was a variance between the declaration and proof,—it is claimed a fatal variance. It is claimed that there was no proof whatever to sustain a verdict against this plaintiff in error. This last construction is borne out by the record, as there does not appear to be a particle of proof to support the declaration against the plaintiff in error. This being the case, it is not necessary for us to go further, and consider in this cause the other points presented. Proof having failed, plaintiff was entitled to have the jury instructed to return a verdict for it. 1 Black, Judg., sec. 207, and cases cited. But plaintiff in error claims that, if the judgment as to it is reversed or set aside, the judgment against its codefendant should also be reversed. To this we can not agree. Defendant sued out writ of error. If its codefendant desired a reversal, it should have asked for it; while if the judgment against it is not good, because indorsed "A., T. & S. F. R. R. Co.," instead of "Atchison, Topeka & Santa Fe Railroad Company," as it is contended, then there is nothing for us to reverse.

Defendant in error asks in a supplemental motion that we may reform the judgment as to the Atchison,

Topeka & Santa Fe Railroad Company.   That defend-
ant is not yet in this court.   It would appear from the
instructions given that the court only regarded this
case as against the Atchison, Topeka & Santa Fe
Railroad Company, and, indeed, there was a suggestion
in the oral argument that the cause had been dismissed
as to the plaintiff here.   This, as stated before, does
not appear upon the record, and, for the reasons given,
the cause will be remanded, with instructions to the
court below to set aside the judgment as to the New
Mexico & Southern Pacific Railroad Company.

O'BRIEN, C. J., and FREEMAN and SEEDS, JJ.,
concur.